AMASA B. HOWE *vs.* THE HOWE MACHINE COMPANY.

Elias Howe, Jr. the patentee of a sewing machine, gave a license to his brother, the plaintiff, to use his patented right or combination, in the manufacture of sewing machines. Prior to the year 1857, the plaintiff placed on the machines manufactured by him, his own name, " A. B. Howe." In 1857, he substituted the name "Howe," for " A. B. Howe," and subsequently, every machine made by him had the word "Howe" upon it; such word being used to denote the plaintiff as the manufacturer, and not to denote Elias How, Jr. as the inventor.

*Held,* 1. That the fact that the plaintiff was the licensee of the inventor, and could not have manufactured his machines without using the patented combination of the inventor, and therefore could not have manufactured them without the inventor's license, did not interfere with, or impair, his right to adopt and appropriate a *trade mark* to mark or distinguish the machines made by him from those manufactured by other licensees of the inventor.

2. That the circumstance that licensees did use, and had to use, the patented right or combination of the inventor, in manufacturing their machines, did not affect the question of the right of either of such licensees to adopt and appropriate a trade-mark, even as against Elias Howe, Jr. *as a manufacturer of sewing machines.*

3. That the plaintiff had a right to adopt and appropriate the word "Howe" as a trade mark, as against Elias Howe, Jr.

4. That the plaintiff had a right to adopt and appropriate his surname as a trade mark; and that Elias Howe, Jr. though his surname was the same, had no right to use his own surname in such a way as to deceive the public, and deprive the plaintiff of the benefit of the notoriety and market which his machines had gained.

5. That the question as to what was the nature and effect of an arrangement made between the plaintiff and Elias How, Jr. and whether it vested in the latter the right to use the trade-mark, and to transfer such right to others, being not entirely free from doubt, an injunction to restrain his grantees from using the same should not be granted, until the trial of the cause; it appearing that they were of sufficient ability to respond to any damages the plaintiff might recover.

APPEAL from an order made at a special term, dissolving an injunction.

The complaint alleged,

1st. That the plaintiff is, and for a long period previous to the committing of the grievances hereinafter mentioned, had been engaged in the sale of sewing machines, which he procures to be made for him, and on each of which machines is

Howe *v.* Howe Machine Company.

cast the name of this plaintiff, as follows, "Howe, New York." That such machines, so stamped, have been advertised and sold by the plaintiff, under the title of "The Howe Sewing Machines," a designation which is the trade-mark of this plaintiff, and has been by him constantly used in his business for about thirteen years last past, and under which trade-mark such sewing machines, so sold by this plaintiff, have always been and still are known to the trade.

2d. That by reason of the long experience, great outlay of moneys, and extreme care of this plaintiff in his said business and the good quality of such machines, the same have become widely known in this and many foreign countries as a valuable and useful article, and acquired a high reputation as such, and have commanded and still command an extensive sale in this city and in the United States generally, and in Great Britain and France and other foreign countries, which is and has been a source of great profit to this plaintiff.

3d. That notwithstanding the long and quiet use and enjoyment by this plaintiff of said name and trade-mark, the defendants, well knowing the premises, but wilfully disregarding the rights of the plaintiff therein, thereafter and in the year 1865, wrongfully and fraudulently offered for sale, and now do offer for sale and sell at No. 699 Broadway, in the city of New York and elsewhere, under the name of "The Howe Sewing Machine," an article in imitation of the plaintiff's article which, with intent to deceive and defraud the public and the purchasers thereof, they have caused to be similarly stamped with the words, "Howe, New York."

4th. That such imitation and use of this plaintiff's name and trade mark are calculated to deceive the purchasers of said plaintiff's article, and actually has, and still does, mislead many of them to buy the article sold by the defendants, in the belief that it is the article manufactured by this plaintiff, greatly to the diminution of the said business and profits of this plaintiff.

5th. That the sewing machines so manufactured and sold

by said defendants, in imitation of those sold by said plaintiff, are of a greatly inferior quality, and cannot perform their work with the same perfection as those manufactured for and sold by said plaintiff, and that by reason of the premises the general esteem and reputation of said machines manufactured for and sold by this plaintiff have been injured, greatly to the diminution of the said business and profits of the plaintiff.

6th. That although before the commencement of this action the plaintiff repeatedly requested the defendants to desist from their infringement of the plaintiff's name and trade-mark as aforesaid, and to pay to the plaintiff what, upon a just accounting, there would be due to the plaintiff therefor, yet the defendants refuse so to do.

7th. That by reason of the premises the plaintiff has been injured to the damage of $250,000.

Wherefore, the plaintiff demands judgment against said defendants :

1st. That the defendants, their servants and agents be restrained from manufacturing and selling, or advertising or offering for sale, said imitation of the plaintiff's sewing machines, or any sewing machine whereon the name of " Howe" is cast, or stamped, or marked, or bearing said false trade mark of " The Howe Sewing Machine," or any imitation of said trade-mark of the plaintiff.

2d. That said defendants, and their servants and agents, be restrained from selling or offering for sale any sewing machines under the name of " The Howe Machine," or " The Howe Sewing Machine," or " The Original Howe Sewing Machine," or from advertising or offering any sewing machine or sale under any title in which the name " Howe" is used.

3d. That the defendants account for and pay over to this plaintiff all the profits realized by them upon sales of said sewing machines sold by them with any imitation of the plaintiff's trade-mark.

4th. For $250,000 damages, together with the costs of this action.

Howe *v.* Howe Machine Company.

The defendants, in their answer, allege that they are a corporation, established in the year 1864, under the laws of the state of Connecticut, and that their business is the manufacturing and sale of sewing machines, especially of the machines made under the patent granted to Elias Howe, Jr. dated September 10, 1846, and under such other patents as the said Elias Howe, Jr. has the right to use ; that their manufactory is in Bridgeport, in said Connecticut, and that they have an office at No. 699 Broadway, in the city of New York, and that the said Elias Howe, Jr. is the President of the said Company, and the largest stockholder therein, and is the original and first inventor of the sewing machine described and claimed in his said patent, and that these defendants make and sell the sewing machines made and sold by them under the license and permission of the said Elias Howe, Jr. The defendants deny that the plaintiff ever acquired or now has, in the United States or elsewhere, any trade-mark of his own property, in any designation of a sewing machine, known in the market by the name or stamp of "Howe, New York," or by the name or title of "The Howe Sewing Machine," or in any other name of which the name of "Howe" is part, exclusive of the rights of said Elias Howe, Jr. and they deny that the name of "The Howe Sewing Machine" designates or is known to the trade as a name, exclusively marking or denoting machines sold by the plaintiff for thirteen years past, or any other time. And they further deny that they infringe any right of the plaintiff, or that they offer for sale, in violation of any such right, sewing machines described as "The Howe Sewing Machine," an article in imitation of any sewing machine sold by the plaintiff, and they deny that they offer for sale any machines stamped with the words "Howe, New York," or described as aforesaid, in imitation of the plaintiff's alleged trade-mark ; and they deny that they cause the sewing machines manufactured and sold by them to be stamped with the words "Howe, New York," with intent to deceive and defraud the public, or any person whatever, and

they deny that any person is deceived or misled, or is likely to be deceived or misled, by the marking and description of the machines manufactured and sold by the defendants. The defendants aver that the machines, manufactured and sold by them, and marked as the defendants mark their machines, are well known not to be made by the plaintiff, and not to be an imitation of any article of the plaintiff's, and they aver that none of the purchasers of the defendants' machines, is or ever has been misled to buy such machines made by defendants, in the belief that the same were manufactured by or for the plaintiff ; that they have manufactured and sold, for the past two years and a half, and still manufacture and offer for sale sewing machines, each of which has the word "Howe" cast in roman letters upon the arm thereof, and also a medallion, representing the head of the said Elias Howe, Jr. surrounded with the words "Elias Howe, Junior, Inventor and Maker, New York, U. S. A." sunk in the bed of each such machine, and also the words "The Howe M. Co." wrought in the treadle of each such machine, and they aver that they have made and still make use of said words and the said medallion, upon the machines manufactured and sold by them, at the express instance and request of the said Elias Howe, Jr. and in compliance with the act of congress in such case made and provided. That if the plaintiff ever acquired or had at any time, as of his own right, exclusively of the said Elias Howe, Jr. any trade-mark in the name of ".Howe," or "The Howe Sewing Machine," as denoting any description of sewing machines dealt in by the plaintiff, or made by or for him, which the defendants do not admit, but deny, such trade-mark, by contract, arrangement, and assignment between the said Elias Howe, Jr. and the said plaintiff, and Alonzo Taylor, Esq. of the city of New York, now belongs in law and equity, to the said Elias Howe, Jr. and his assigns. And the defendants deny that the plaintiff has ever suffered any injury or damage whatsoever, by reason of any

acts done or caused to be done by them, and pray for judgment against the plaintiff, and that the complaint herein be dismissed, and for their costs in this action.

On the complaint and affidavits, an injunction was applied for, in accordance with the prayer of the complaint, which was granted, and was subsequently dissolved on motion, after the answer was filed.

*J. L. Jernegan,* for the plaintiff.

*Geo. T. Curtis,* for the defendants.

SUTHERLAND, J. That Elias Howe, Jr. in 1846, obtained a patent for a certain combination of mechanism called a sewing machine ; that his brother, the plaintiff, commenced manufacturing sewing machines as early as 1854, and continued to manufacture them at least up to the time of the arrangement between him and Elias Howe, Jr. in 1862 ; and that the plaintiff, in their manufacture, used the combination of mechanism patented by Elias Howe, Jr. *as his licensee,* are undisputed facts. Elias Howe, Jr. did not license the plaintiff to make sewing machines, but he licensed him to use his patented right or combination, in the manufacture of sewing machines. There is nothing in the case to show that the plaintiff manufactured the machines *as agent* for Elias Howe, Jr. The fact that he was his licensee, and that he could not have manufactured the machines without his license, does not tend to show the agency.

Probably the first machines manufactured by the plaintiff were made exclusively under the patent of his brother, but as early as 1857, and subsequently, certain improvements or inventions of the plaintiff and Taylor, were incorporated into the machines.

The uncontradicted history of the claimed trade-mark is, that before 1857, the plaintiff placed on the machines the

letters and word " A. B. Howe ;" that in 1857, Taylor, the plaintiff's mechanic, suggested the substitution of " Howe " for " A. B. Howe " which suggestion was adopted by the plaintiff, and subsequently every machine manufactured by the plaintiff, had the word " Howe " on a conspicuous place on it. I infer from the papers, that the word " Howe " was in raised metallic leters on the arm of every machine manufactured by the plaintiff after the adoption of Taylor's suggestion in 1857.

The conclusion from the pleadings and affidavits is irresistible that the word " Howe " was thus used to denote the plaintiff as the manufacturer, and not to denote Elias Howe, Jr. as the inventor.

It is obvious that the fact that the plaintiff was the licensee of Elias Howe, Jr. ; that the plaintiff could not have manufactured his machines without using the patented combination of his brother and therefore could not have manufactured them without his brother's license, did not, and could not, interfere with, or impair his right to adopt and appropriate a trade-mark to mark or distinguish the machines *manufactured by him* from those manufactured by other licensees of his brother.

Elias Howe, Jr. granted to the plaintiff, to Singer & Co., to Grover & Baker, to Wheeler & Wilson, &c., &c. the right to use his patented right or combination, in the *manufacture* of sewing machines. It is obvious that the circumstance that these licensees did use and had to use his patented right or combination, as his licensees, in manufacturing their machines, cannot have the remotest bearing on the question of the right of either of these licensees to adopt and appropriate a trade-mark, even as against Elias Howe, Jr. *as a manufacturer of sewing machines.*

It is equally clear that the plaintiff could adopt and appropriate the word " Howe " as a trade-mark as *against Elias Howe, Jr. (Sykes v. Sykes, 3 Barn. & Cress. 541. Croft v. Day, 7 Beav. 89, 90.)* The plaintiff had a right

Howe *v.* Howe Machine Company.

to adopt and appropriate his surname as a trade-mark, and it cannot be said, that Elias Howe, Jr. though his surname was the same, had a right to use his own surname *in such a way* as to deceive the public, and deprive the plaintiff of the benefit of the notoriety and market which his machines had gained. (*See the conclusion of the opinion of the Master of the Rolls, in Croft* v. *Day, supra.*) ·

The words "The Howe Machine" are descriptive of the trade-mark "Howe" or "Howe N. Y." used on the plaintiff's machines.

So far the plaintiff's case is clear, in my opinion, and his right clear ; but I cannot say that the question as to what the arrangement was between him and his brother in 1862, (probably June,) is entirely free from doubt.

The plaintiff's version of it is, if I understand his affidavit, (and his affidavit on this point is not as clear as it might have been,) that the arrangement was made for the purpose of evading the payment of the full "combination" dues on royalties. He admits that Taylor subsequently, nominally or formally, manufactured the machines for Elias Howe, Jr. and received his pay from him ; but the plaintiff says that when he took the machines, he refunded these moneys to Elias Howe, Jr. and that, in fact, the arrangement thus covered up was that the machines should continue to be made solely *for the plaintiff*, and, in fact, continued to be made solely for the plaintiff, under the arrangement, for sometime.

This version of the arrangement is confirmed by Taylor, and, to some extent, by others.

I have no doubt that Elias Howe, Jr.'s affidavit was designedly drawn so as to leave the impression that his version of the arrangement was, that he was to *buy* the patterns with trade-mark on them of Taylor, and that he (Elias Howe, Jr.) was thereafter to manufacture the machines, with the plaintiff's trade-mark on them, for export, on his own account, and for sale to the plaintiff and *others;* and

yet a careful analysis of the affidavit makes me hesitate to say, that it is inconsistent with the plaintiff's version of the arrangement, that, under it, the machines were to be manufactured for the plaintiff solely, and the trade-mark to be used for his benefit solely.

The trial of the case will probably sift the truth out on this point; and considering that the trial, in the regular course of things, ought to take place soon; that there is no doubt of the defendants' ability to respond to any damages the plaintiff may recover; that the application for an injunction was fully argued and carefully examined by the court below; that one of the grounds on which it was denied was, that the arrangement in 1862 vested in Elias Howe, Jr. the right to use the trade-mark, and to transfer that right to the defendants; and that the granting the injunction was, in a great measure, a matter of discretion, I am of the opinion that the order appealed from, denying it, should be affirmed, with costs.

CLERKE, J. concurred.

LEONARD, P. J. There is no fraud upon the plaintiff in the use, by the defendants, of the name of "Howe," in designating a machine manufactured by them, which Elias Howe, Jr. had invented, and from whom the defendants derive their right to use the name.

I concur in the conclusion of Judge SUTHERLAND.

[NEW YORK GENERAL TERM, November 4, 1867. *Leonard, Clerke* and *Sutherland,* Justices.]