Smail v. Sanders *et al.*

Filed Jan. 26, 1889; petition for a rehearing overruled March 26, 1889.

No. 13,515.

## SMAIL v. SANDERS ET AL.

TRADE-MARK.—*Injunction.—State Courts.—Jurisdiction of.*—The State courts have jurisdiction to enjoin a party from infringing the trade-mark of a competitor. The act of Congress assuming to confer exclusive jurisdiction upon the Federal courts in trade-mark cases has been pronounced unconstitutional.

SAME.—*When Injunction will Lie.*—An injunction will be awarded where there is a fraudulent purpose and a wrongful imitation of the name and label of a competitor.

PLEADING.—*Demurrer Addressed to Entire Pleading.—Effect of.*—Where a demurrer is addressed to an entire pleading, one paragraph of which is good, it is proper to overrule the demurrer.

From the Montgomery Circuit Court.

*N. P. H. Proctor*, for appellant.

*J. Wright* and *J. M. Seller*, for appellees.

ELLIOTT, C. J.—The appellees allege in their complaint that they are the proprietors of a trade-mark ; that the words of the trade-mark are " Dr. Bass' Vegetable Liver Pills ; " that it is duly registered according to the act of Congress ; that they are using in their business a label on which the words of the trade-mark are printed together with other matter ; that the defendant has imitated the label and is using

the trade-mark, and that he is selling pills contained in boxes with labels and wrappers similar to those used by the plaintiffs; that by reason thereof he has deceived and is deceiving the public and injuring the plaintiffs, by palming off worthless pills.   Prayer for an injunction.

The State courts have jurisdiction to enjoin a party from infringing the trade-mark of a competitor.   The act of Congress assuming to confer exclusive jurisdiction upon the Federal courts in trade-mark cases has been pronounced unconstitutional.   *United States* v. *Steffens,* 100 U. S. 82; *Leidersdorf* v. *Flint,* 7 Cent. Law J. 405.   These decisions settle the question, and, beyond all doubt, settle it correctly, since Congress has no more power to deprive the State courts of jurisdiction in trade-mark cases than it would have to deprive them of power to decide controversies concerning any other species of property.   A trade-mark is not within the provisions of the Federal Constitution respecting copyrights and patents.

The complaint makes a case for injunction.   It shows a wrongful imitation for a fraudulent purpose, and this invokes the assistance of the courts of chancery.   We do not enter the field of conflict in thus deciding, for while there is much conflict as to whether the name of a person will constitute a trade-mark, it is well agreed that where there is a fraudulent purpose and a wrongful imitation of the name and label an injunction will be awarded.   *Howe* v. *Howe Machine Co.,* 50 Barb. 236; *Sykes* v. *Sykes,* 3 Barn. & C. 541; *Croft* v. *Day,* 7 Beav. 84; *Ainsworth* v. *Walmesley,* 35 L. J. Ch. 352; *Foster* v. *Blood Balm Co.,* 77 Ga. 216; *Frazer* v. *Frazer Lubricator Co.,* 121 Ill. 147; *Metcalfe* v. *Brand,* 86 Ky. 331; *Russia Cement Co.* v. *LePage,* 147 Mass. 206.   We are not dealing with a case where the defendant's name is the same as that used in the distinctive mark chosen by the plaintiff, so that we are not required to ascertain or decide what the rule is in a case where the controversy is waged between two persons of the same name.

The first paragraph of the reply is an affirmative one, the second is the general denial. The general denial is certainly good, and as the demurrer was addressed to the entire reply it was properly overruled. We can not disturb the verdict.

Judgment affirmed.

Filed Feb. 22, 1889; petition for a rehearing overruled March 26, 1889.