GORDON HOLLOW BLAST GRATE CO. *v.* GORDON.

1. TRADE NAMES—UNFAIR COMPETITION—NAME OF INDIVIDUAL.

An inventor, after disposal of his interest in a firm organized to manufacture and sell his invention, which has become well known to the trade by his name, will not be permitted to use his name in connection with the manufacture of a similar article in such a manner as to lead the trade to believe that the article manufactured by him is that of the original firm.

2. SAME—INJUNCTION—DECREE.

A decree that enjoins any use of his name in such way as to lead the public to believe his firm is manufacturing articles patented by him is too broad where it in fact is manufacturing under patents granted to him, and the decree will be modified so as to permit his firm to advertise that it is manufacturing under patents granted to him, provided the advertisements also state in language equally prominent that his firm is distinct from the original one.

Appeal from Montcalm; Davis, J. Submitted November 10, 1905. (Docket No. 116.) Decided December 30, 1905.

Bill by the Gordon Hollow Blast Grate Company against Elonso J. Gordon and others to restrain unfair competition. From a decree for complainant, defendants appeal. Modified and affirmed.

Complainant filed its bill to restrain defendants from using the name "Gordon" in connection with grate bars, and from using the names "Gordon Hollow Blast Grate," "Gordon Blast Grate," "Gordon Grate," or any name embodying any combination of these words or either of them upon their advertising matter or in their advertisements, and from the use of the name "E. J. Gordon & Company" as manufacturers of grates.

The case was heard on pleadings and proofs taken in open court, from which it appeared that defendant Gordon, being the inventor and patentee of an improvement in grate

bars, entered into a partnership organized for their manufacture, which, after several years' successful operation at Greenville, was succeeded by complainant corporation which became owner of the patents and continued the business at that place.   Gordon subsequently disposed of his stock in the corporation, and he having made and patented other improvements of the same nature, certain persons began their manufacture at Greenville under the name of " E. J. Gordon & Co.," paying Gordon a royalty for the use of his patents and name.   These persons afterwards transferred their rights to the defendants joined with Gordon in this bill, who removed the business to Big Rapids.   Complainant and the partnership which it succeeded expended large sums in advertising the Gordon Hollow Blast Grate, and said grate became well and favorably known to the trade, the sales thereof amounting to many thousand dollars annually.   Defendants' advertisements and circulars were very similar to those used by complainant, the name " Gordon " being given much prominence, and readers were urged to " buy Gordon grates from Gordon," and to note that the business had been removed from Greenville to Big Rapids.

The decree entered enjoined defendants, together with their associates, attorneys, counselors, servants and agents, and each and every of them, from in any way or manner advertising or claiming the fact to be that they have removed their business of manufacturing grates for use under steam boilers from the city of Greenville to the city of Big Rapids; from advertising or claiming to the public that they are manufacturing Gordon grates, or grates patented by Gordon, or Hollow Blast grates, or any combination of these words in such advertising; and from carrying on the business of manufacturing grates for use under steam boilers under the name of E. J. Gordon and Company, or under any individual, firm or corporate name which shall include the word " Gordon " as an integral part thereof; but not from manufacturing and selling grate bars for use under steam boilers, under the name of

any person, firm or corporation which does not include as an integral part thereof the word "Gordon" or the words "Hollow Blast;" nor from manufacturing and selling such grates under the name of "Economy Blast Grates," or under the name of "Hot Blast Grates."

*N. O. Griswold,* for complainant.

*Frank Dumon* and *E. J. Marsh* (*Douglas Roben,* of counsel), for defendants.

OSTRANDER, J. The familiar principle that no man has a right to sell or to advertise his business or goods as those of another, and so mislead the public and injure the business of the other, is applied in this case in the decree appealed from. The testimony leads fairly to the conclusion that defendants designed by use of the partnership name, by the connection of the partnership name with the names of articles manufactured by the partnership, and by advertising matter, to mislead the public and to injure the business of complainant, to the profit of the partnership business. To some extent what was designed has been accomplished. The facts are much like those in *Penberthy Injector Co.* v. *Lee,* 120 Mich. 174. The decree is claimed to be, and we think is, too broad. Defendants are restrained from claiming to the public that they are manufacturing grates patented by Gordon. They are in fact manufacturing such grates, under letters patent issued subsequently to those protecting the grates made by complainant.

The decree and injunction will be so modified as to permit defendants the right to state the fact that they manufacture a grate under letters patent granted to E. J. Gordon, in connection with the further statement, made equally prominent, that the concern is distinct from and has no connection with the complainant company. In other respects the decree is affirmed. No costs are awarded in this court.

MOORE, C. J., and MCALVAY, MONTGOMERY, and HOOKER, JJ., concurred.