## Seligman, Appellant, v. Fenton.

*Trade-mark law—Trade name—Name of person—Unfair business competition—Equity—Damnum absque injuria.*

1. A person has a right to honestly use his own name in his own business, and any injury resulting therefrom is damnum absque injuria.

2. Such person in using his own name, must not resort to any artifice or contrivance for the purpose of producing the impression that his own and his rival's establishment are identical, or do anything calculated to mislead the public as to the identity of the two businesses.

Argued April 19, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 157, Jan. T., 1926, by plaintiff, from decree of C. P. No. 1, Phila. Co., Dec. T., 1924, No. 3827, dismissing bill in equity, in case of Milton B. Seligman, trading as Fenton Storage Co. v. M. H. Fenton. Affirmed.

Bill for injunction. Before TAULANE, J.

The opinion of the Supreme Court states the facts.

Bill dismissed. Plaintiff appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Bernard Harris,* for appellant.—A vendee of a going business, which is named after the proper name of its originator who is the vendor and which has been so known and identified for many years, is entitled to equitable relief from encroachments upon his rights by the vendor's brother, when it is shown by a preponderance of evidence that the latter is using his patronymic in a manner to confuse, mislead and deceive the public and to palm off his business as that of the vendee: Portuondo v. Portuondo, 222 Pa. 116; Schmick v. Broom Works, 79 Pa. Superior Ct. 331; Piper v. Laughman, 6 Pa. C. C. R. 232; Van Stan's Stratena Co. v. Van Stan, 209 Pa. 564; Suburban Press v. Pub. Co., 227 Pa. 148; Hires Co. v. Hires, 182 Pa. 346; Am. Clay Mfg. Co. v. American Clay Mfg. Co., 198 Pa. 189; Shoemaker v. Ulmer, 15 Pa. Dist. R. 159.

*Earle Hepburn,* for appellee, cited: Cigar Mfg. Co. v. Cigar Mfg. Co., 222 Pa. 116; Am. Clay Co. v. Am. Clay Co., 198 Pa. 189.

OPINION BY MR. JUSTICE WALLING, May 10, 1926:

In this bill in equity plaintiff seeks to restrain defendant from alleged unfair business competition. The case was heard upon bill, answer and testimony, from which the trial court made comprehensive findings of facts and legal conclusions and, in due course, entered a final decree dismissing the bill; plaintiff has appealed.

There was evidence to support the facts as found and the decree necessarily followed. Over twenty years ago, J. M. Fenton entered upon the business of storage and moving, with location near Kershaw and Fifty-second streets, Philadelphia; which business became incorporated in 1908 as the Fenton Storage Company, and continued as such under his control until early 1918 when he had the name of the corporation changed to the J. M.

F. Storage Company, commonly called the J. M. Storage Company. In August of that year Fenton sold the entire business, real and personal to the plaintiff, Milton B. Seligman, including the good will and right to use the name Fenton Storage Company and any other designation by which the business had been known. Seligman, did not, however, buy the corporation as such or its capital stock, but Fenton agreed to and did have it formally dissolved. Plaintiff for some months continued the business as the J. M. Storage Company and then adopted and has since continued the original trade name of Fenton Storage Company, which is well equipped for the business, having a large four-story brick building, six vans and other essentials.

The defendant, M. H. Fenton, is a brother of J. M. Fenton and at one time worked for him in the business, but in 1911 embarked in a like business for himself with an office across the street. The signs he there put up were such as the Fenton Storage Company considered likely to mislead the public and injure its business; therefore, in 1914, it filed a bill in equity to restrain defendant from so doing. The case was compromised by removing the objectionable signs. Defendant continued his office there, however, until 1920, when he moved to Fifty-second and Thompson streets, a block away, where he remained until 1924, when he removed to his present location on Fifty-second Street, near Kershaw Street. At all times his storage building has been in another neighborhood. He has but one van and his business is small compared with plaintiff's. His signs are H. M. Fenton Storage, not similar to those of plaintiff, his van is painted a different color and he has done nothing, since the former equity suit, in imitation of the Fenton Storage Company, or calculated to mislead the public. Some mail and telephone confusion, not very serious, has arisen because of the similarity of names and the proximity of the two places of business. In rare instances patronage intended for one has gone to the other. The

trouble results from the use of the name "Fenton" by both parties in a like business in the same neighborhood.

The trial court properly held defendant had the right to honestly use his own name in his own business, and any injury resulting therefrom was damnum absque injuria. This holding is supported by abundant authority. In Meneely et al. v. Meneely et al., 62 N. Y. 427, the rule is summarized, that: "Every man has the absolute right to use his own name in his own business, even though he may thereby interfere with and injure the business of another bearing the same name; provided he does not resort to any artifice, or do any act calculated to mislead the public as to the identity of the establishments, and to produce injury to the other beyond that which results from the similarity of the names." Hopkinson on Trade Marks, etc. (4 ed.), beginning on page 171 states the same rule somewhat more at large and in a note quotes from the opinion of DEVENS, J., in Russia Cement Co. v. Le Page, 147 Mass. 206, 208; while 26 R. C. L. p. 855, says: "An individual may use his own name in his business, even though he may thereby interfere with or injure the business of another person of the same name, provided he does not resort to any artifice or contrivance for the purpose of producing the impression that the establishments are identical, or do anything calculated to mislead. Such inconvenience or loss as may result from an honest use of a person's name in his business, by reason of its interference with the business of another having the same name, is regarded as damnum absque injuria." And see Howe Scale Co. v. Wyckoff, Seamans & Co., 198 U. S. 118; Tuston v. Tuston, The Law Reports, Chancery Division, vol. 42, p. 128; also C. H. Batchelder & Co. v. Batchelder, 107 N. E. (Mass.) 455. "A person cannot have a right in his own name as a trade-mark, as against a person of the same name, unless the latter's form of stamp or label is so similar as to represent that his goods are of the former's manufacture": Gilman v. Hunnewell, 122 Mass.

139. These and other authorities are conclusive of the question, but all agree one may not fraudulently use his own name so as to mislead the public or harm a rival of the same name. See Vick Chemical Co. v. Vick Medicine Co., 8 Fed. (2d) 49; Royal Baking Powder v. Royal, 122 Fed. 337; M. M. Newcomer Co. v. Newcomer's New Store et al., 217 S. W. (Tenn.) 822; Nolan Bros. Shoe Co. v. Nolan, 63 Pac. (Cal.) 480. In the instant case, however, no simulation or artifice appears and there is an express finding that defendant acted in good faith. There is no law requiring him to change his name or the location of his business, or, on the other hand, to require plaintiff to forego the use of the trade name, Fenton Storage Company, but so long as they both so continue in business each should try to minimize the confusion so far as possible.

It is not necessary to consider the question of laches, or of the effect of the former settlement.

The decree is affirmed and appeal dismissed at the cost of appellant.