## TERRY *v.* COOPER.

### Opinion delivered July 12, 1926.

1. TRADE NAME—RESTRAINING USE OF NAME.—Injunction will lie to restrain the use by one corporation or firm of the name of a prior corporation, which tends to create confusion and to enable such corporation or firm to obtain, by reason of the similarity of names, the business of the other corporation.

2. TRADE NAME—SALE OF BUSINESS.—The sale by a corporation of "all furniture, fixtures, abstract books, accounts receivable, automobile, all records and property, and all assets of every kind and description," *held* to include its trade name.

3. TRADE NAME—RESTRAINING USE OF NAME.—An abstract company which, by purchase, became entitled to use a certain trade name, but voluntarily abandoned it and used another trade name and did business thereunder, *held* not entitled to restrain the seller from conducting a similar business under his former trade name, where the resulting confusion was slight, notwithstanding the abstract company still used letter heads with the old trade name and the new name stamped thereon as successor.

Appeal from Mississippi Chancery Court, Chickasawba District; *J. M. Futrell,* Chancellor; reversed.

STATEMENT BY THE COURT.

The plaintiff seeks in this action to restrain the use by the defendant of its corporate name, "The Terry Abstract Company," on the ground that such use is an invasion of the rights of the plaintiff to the corporate name, "The Terry Abstract Company."

The suit was originally brought by George N. Bickner against E. M. Terry, but Raymond Cooper, having purchased the interest of Bickner, has been substituted as the plaintiff in the suit. The suit was defended on the ground that the plaintiff had no right to the use of "The Terry Abstract Company" as its trade name, and that the defendant had not in any way tried to interfere with or to injure the business of the plaintiff.

The facts are that The Terry Abstract Company was organized as a corporation on the 18th day of October, 1911, with an authorized capital stock of $10,000. E. M. Terry was one of the incorporators. The corporation was organized for the purpose of abstracting titles in Mississippi County, Arkansas, and at once began to conduct the business for which it was organized. In September, 1917, the Farmers' Bank and Trust Company owned 200 shares of the capital stock of The Terry Abstract Company, and E. M. Terry and five other persons owned one share each of the par value of $25. In 1922 J. W. Rhodes, Jr., C. F. Rhodes and J. A. Pigg acquired all the capital stock of this corporation. In January, 1923, G. N. Bickner acquired a controlling interest in the corporation, and on the 11th day of June, 1923, the name of the corporation was changed to Chickasawba Abstract & Investment Company, Inc., and the certificate of the Secretary of State authorizing the change was duly issued in the manner provided by law. The corporation operated under its new name until February 25, 1924, when a resolution was adopted authorizing the corporation to sell and convey its assets to J. W. Rhodes, Jr., and this was done. Rhodes sold and conveyed the business to George N. Bickner. At the same meeting a resolution was adopted authorizing the corporation to surrender its charter, and a formal dissolution was had on February 25, 1924. The bill of sale to George N. Bickner contained the following:

"All furniture, fixtures, abstract books, accounts receivable, automobile, all records and property and all

assets of every kind and description formerly owned by the Chickasawba Abstract & Investment Company.''

J. W. Rhodes Jr. and George N. Bickner conducted the business for a time under the firm name of Chickasawba Abstract Company. The letterheads printed for The Terry Abstract Company were used by the Chickasawba Abstract & Investment Company and by the Chickasawba Abstract Company. A rubber stamp was used to show the new name of the company, and the letterheads would read as follows: ''Chickasawba Abstract & Investment Company, Inc., successors to The Terry Abstract Company.''

In 1924 E. M. Terry, who is an abstracter of long experience, formed a partnership with Ray Worthington for the purpose of abstracting titles in Mississippi County, and conducted their business in the name of Terry Abstract Company. Other facts will be stated in the opinion.

The chancellor found that The Terry Abstract Company changed its corporate name to Chickasawba Abstract & Investment Company; that said last named corporation sold its property and assets to J. W. Rhodes, Jr., and surrendered its charter; that J. W. Rhodes, Jr., sold the property and assets of the business to George N. Bickner; that Bickner and his predecessors in title continued to use the name The Terry Abstract Company upon their stationery, and that Bickner was entitled to the trade name of said corporation, The Terry Abstract Company.

It was decreed that the defendant E. M. Terry be restrained from using in any manner the name The Terry Abstract Company, or any name closely resembling it.

The case is here on appeal.

*T. J. Crowder* and *George Vaughan,* for appellant.

*Reed & Campbell,* for appellee.

HART, J., (after stating the facts). At the outset it may be stated that, in respect to corporate names, the same rule applies as to the names of firms or persons, and an injunction lies to restrain the use by one corporation

or firm of the name of a prior corporation which tends to create confusion, and to enable the later corporation or firm to obtain, by reason of the similarity of names, the business of the prior one. *Chas. S. Higgins Co.* v. *Higgins Soap Co.,* 144 N. Y. 462, 39 N. E. 490, 27 L. R. A. 42; *Brunson* v. *Reinberger & Collier,* 134 Ark. 211, 203 S. W. 269; *McLean* v. *Fleming,* 96 U. S. 245; *Howe Scale Co.* v. *Wyckoff, Seamans & Benedict,* 198 U. S. 118; *Donnell* v. *Herring-Hall-Marvin Safe Co.,* 208 U. S. 267; and *Herring-Hall-Marvin Safe Co.* v. *Hall's Safe Co.,* 208 U. S. 554.

In the case last cited it was held that, although the trade name may not be mentioned in the sale of a business taken over as a going concern, a deed conveying trademarks, patent rights, trade rights, good will, property, and assets of every name and nature, is broad enough to include the trade name under which the vendor corporation and its predecessors had achieved a reputation. So it may be said that the general language used in the bill of sale to Bickner was broad enough to include the trade name of the corporation selling its assets to him and his associates.

The principle of the cases upon the subject of enjoining a person from using the trade name of another person or corporation proceeds upon the theory that it is a fraud on a person or corporation which has established a trade name and carries on its business under that name, that some other person or corporation should assume the same name, or the same name with a slight alteration, in such a way as to induce persons to deal with him or it in the belief that they are dealing with a person or corporation which has given a reputation to the name.

In applying the rule to the facts and circumstances shown in the record in this case, we do not think there is sufficient evidence to justify the issuance of an injunction. The stockholders of The Terry Abstract Company, of their own volition, changed the name of that corporation to the Chickasawba Abstract & Investment Company, and thereafter conducted its business under that name.

It is true that the printed stationery of The Terry Abstract Company was used, but a rubber stamp was used which made the letterheads read, "Chickasawba Abstract & Investment Company, Inc., successors to The Terry Abstract Company." This manifested an intention upon the part of the stockholders of the corporation not only to change the name of the corporation, but to conduct its business under the new name, and to inform those doing business with it of that fact. In the very nature of things the stamping of the words, "Chickasawba Abstract & Investment Company, Inc., successors to," before the printed words, "The Terry Abstract Company," would show to persons receiving the letters that it was the intention of the corporation to carry on its business under its new name. The use of the words, "successors to," would notify those receiving letters that the new corporation had purchased the business of the old corporation and would thereafter carry the business on under its new corporate name.

On this point Bickner testified that the name was changed because the defendant, E. M. Terry, had been receiving mail addressed to the corporation under its old corporate name, and thereby interfered with its business. On this point, however, Terry denied having, in any manner, interfered with the business of the plaintiff. He admits that, on several occasions, he received letters which were intended for the plaintiff, but said that he delivered them to the plaintiff. He testified, however, that in no instance did he use the mail of the plaintiff to secure business for himself.

Be that as it may, the fact remains that the plaintiff changed its name from The Terry Abstract Company to the Chickasawba Abstract & Investment Company, and later to the Chickasawba Abstract Company. There is no similarity whatever between these names, and nothing which would tend to confuse the minds of those wanting to do business with the plaintiff, and to make them believe that the Chickasawba Abstract & Investment Company intended to carry on its business under its old

name, The Terry Abstract Company. If such had been its intention, no good reason appears why it should have changed its name at all; or, if it intended that the words, "successors to The Terry Abstract Company," be a part of its new name, it should have made it a part thereof in its articles of association and had the same certified as its new name under the statute by the Secretary of State, instead of simply saying that it had changed its old name, The Terry Abstract Company, to the Chickasawba Abstract & Investment Company.

The testimony does not show that any confusion resulted, except in a very few instances, and these instances were not numerous enough or sufficiently continuous as to have warranted the court in granting an injunction in the matter.

The result of our views is that the decree of the chancery court will be reversed, and the complaint of the plaintiff dismissed for want of equity.