BELDING'S CLEANERS & DYERS v. BELDING.

Trade-Marks and Trade-Names—Unfair Competition.

Consent by an incorporator to the use of his name and the adoption thereof in naming the corporation gives the name a trade or business identity, and estops the dedicator from thereafter using his name in a competing trade or business.

Appeal from Wayne; Doty (Frank L.), J., presiding. Submitted October 17, 1928. (Docket No. 35, Calendar No. 33,940.) Decided December 4, 1928. Rehearing denied March 29, 1929.

Bill by Belding's Cleaners & Dyers against George Belding to restrain unfair competition. From the decree rendered, both parties appeal. Modified and affirmed.

*Beaumont, Smith & Harris* (*Albert E. Meder,* of counsel), for plaintiff.

*Miller, Canfield, Paddock & Stone* (*Joseph Jackson,* of counsel), for defendant.

Wiest, J. This is a suit to restrain unfair business competition. Some years ago George Belding and his wife, Harriet, purchased the business of cleaning and dyeing clothes at 7422 Kercheval avenue in the city of Detroit, and adopted the trade-name of "Belding's Cleaners & Dyers." Later, together with James Domenic, they formed a copartnership and continued the business at the same place under the same trade-name. Still later, the three partners organized a corporation to carry on the

As to limitation of right to use one's own name as trade-name, see annotation in 1 L. R. A. (N. S.) 286; 28 L. R. A. (N. S.) 934.

business, and named it "Belding's Cleaners & Dyers." The corporation continued the business at No. 7422 Kercheval avenue. Mrs. Belding filed a bill for divorce, and, in a property settlement, Mr. Belding gave her his holdings of stock in the corporation, and severed his connection with the business. The lease of the premises at 7422 Kercheval avenue was in the names of George and Harriet Belding, as lessees, with right to an extension, and, after Mr. Belding left the corporation, he exercised the option in the lease, and had the term extended in his name. The corporation had to give up the premises, and, to continue business, rented a place across the street. George Belding then opened business at the old stand under the trade-name of "Geo. Belding Cleaner & Dyer," with window lettering in script and colors closely simulating the sign used by plaintiff. The place, name, and sign occasioned confusion, benefited defendant, and injured plaintiff.

Defendant appealed from a decree restraining him from advertising his name and business in form of lettering similar to plaintiff's, or using his name in combination with "Cleaners-Dyers" or "Cleaner and Dyer," or "in such a way as to lead the public to believe that he or his business is in any way connected with that of Belding's Cleaners & Dyers, a Michigan corporation." Plaintiff also took an appeal, and asks that defendant be restrained "from using his name in any way in connection with the cleaning and dyeing business at 7422 Kercheval avenue, or in the immediate vicinity thereto."

Manifestly, defendant purposed to avail himself of the favorable reputation the name Belding, in connection with cleaning and dyeing, had acquired in the very building and in the vicinity where he established his competing business. Defendant, by employment of the name Belding, in combination

with the designation, Cleaners and Dyers, when he first engaged in the business, and again during the partnership, and yet again in fixing the name of the corporation, constituted it a trade-name, rendered it, as such, no longer personal to him, and left its exclusive use to the corporation when he disposed of his interest therein. Defendant had a right to use his name in trade. He used his name, and constituted it a distinctive part of the name of the corporation he organized. The corporation, by his act, acquired the right to use his name to identify its business, and there the name remains beyond his recall or of use by him in a competing business.

As stated in Hopkins, Unfair Competition (4th Ed.), p. 181:

"Promoters of a corporation whose names have been used as a part of the corporate name cannot be permitted to use their names in connection with and as the name of a rival company."

A corporation must have a name in order to function. The incorporators select or coin the name. Consent by an incorporator to the use of his name and the adoption thereof in naming the corporation gives the name a trade or business identity, and estops the dedicator from thereafter using his name in a competing trade or business.

The principle we here apply is found in *Williams* v. *Farrand,* 88 Mich. 473 (14 L. R. A. 161); *Penberthy Injector Co.* v. *Lee,* 120 Mich. 174; *Gordon Hollow Blast Grate Co.* v. *Gordon,* 142 Mich. 488; *Young & Chaffee Furniture Co.* v. *Chaffee Brothers Furniture Co.,* 204 Mich. 293; *Holmes, Booth & Haydens* v. *Holmes, Booth & Atwood Manfg. Co.,* 37 Conn. 278 (9 Am. Rep. 324).

We think the decree in the circuit, enjoining defendant, "from using in connection with his name

and / or business, the combination or combinations 'Cleaners-Dyers' and / or 'Cleaner and Dyer,' " awarded plaintiff all and even more than it claims in its appeal.

The decree should be modified in two respects. (1) The restraint should not run "forever," but only while plaintiff uses the name. (2) The restraint should be limited to defendant's use of his name in connection with the cleaning and dyeing business at 7422 Kercheval avenue, or the vicinity thereof, or in competition with plaintiff's business.

So modified, the decree is affirmed, with costs to plaintiff.

FEAD, C. J., and NORTH, FELLOWS, CLARK, MC-DONALD, POTTER, and SHARPE, JJ., concurred.