No. 12,242.

DAPRON *v.* RUSSELL.

(288 Pac. 178)

Decided May 12, 1930.

Mr. Perry D. Rose, for plaintiff in error.

Mr. Everett Owens, for defendant in error.

*In Department.*

Mr. Justice Alter delivered the opinion of the court.

J. T. Russell, doing business as DaPron School of Dancing, defendant in error, hereinafter referred to as plaintiff, began this action in the district court to restrain and enjoin L. I. DaPron, plaintiff in error, hereinafter referred to as defendant, "from using the name DaPron in any manner pertaining to a school of ballet and ball room dancing," and from claiming that the defendant's dancing school was established in 1897. The defendant answered plaintiff's petition, and filed his cross-complaint, in which he sought an injunction to prevent the plaintiff from using the name "DaPron" in connection with his dancing school. Upon trial, judgment was entered in favor of the plaintiff on his petition, and the cross-complaint of the defendant was dismissed. The defendant prosecutes this writ, assigning as error: (1) The action of the court in granting the plaintiff's injunction, and, (2) refusing to grant defendant an injunction, as prayed in his cross-complaint.

The stipulated facts upon which this case was tried are substantially as follows: That on or about January 1, 1911, the defendant, being then, and for some time prior thereto, the owner of the DaPron Dancing Academy, at 220 Broadway in the city of Denver, sold the same to Nannie DaPron and Edna DaPron Winslow, his wife and daughter respectively, and became a nonresident of Colorado until 1922; upon defendant's return to Colorado, he became financially interested in a dancing academy with another, at 220 Broadway, where the business was conducted under the name of the Crystal Dancing Academy, and in 1923 the defendant became sole owner

of this business and immediately changed the name thereof to the DaPron School for Ballet and Ball Room Dancing; in advertising this business, the defendant has used the names: DaPron's School of Ballet and Ball Room Dancing, DaPron's School of Ballet, DaPron's School of Ballroom Dancing, DaPron's Ballroom Classes, and DaPron's Dancing School of Ballroom and Ballet; the use of these names by both plaintiff and defendant in their business advertisements has resulted in some confusion on the part of the dancing public; shortly after 1911, when Nannie DaPron and Edna DaPron Winslow acquired the DaPron Dancing Academy from defendant, they moved from 220 Broadway, where the business was then being conducted, to 1514 Cleveland Place, where the business was conducted under the name of the DaPron School of Dancing; plaintiff married Edna DaPron Winslow, the owner of an undivided half interest in the business, and, upon her death, acquired this interest by inheritance; prior to the commencement of this action, he acquired, by purchase, the interest of Nannie DaPron, and is now sole owner of the DaPron School of Dancing, at 1514 Cleveland Place; defendant began instruction in dancing in 1897, and from 1901 until 1911 used the name DaPron Dancing Academy in conducting his business at 220 Broadway; defendant, for some years prior to the beginning of this action, has advertised to the public that he conducts the DaPron School of Ballet and Ball Room Dancing, and claims to have established this school in 1897, which advertisement, as to time, the defendant admits is inaccurate, and was made through mistake and inadvertence; no one by the name of DaPron is now in any way connected with plaintiff's business at 1514 Cleveland Place.

The court below, upon trial of the cause, issued an injunctive decree, the pertinent part of which is as follows:

"It is therefore ordered, adjudged and decreed that: the plaintiff may use the name of the DaPron School of Dancing and that the same was established in 1897;

"That the defendant is enjoined from representing his business as being established in 1897, and that if he does so advertise, he shall not claim that he was established prior to 1922;

"That the defendant may use his own name in his business, but shall not use the word 'School' immediately following his name, nor shall he use the following names in his business:

>DaPron School of Dancing
>
>DaPron School
>
>DaPron School of Ballet
>
>DaPron Dancing Academy
>
>DaPron School of Ballroom Dancing

"Nor shall he use his name representing himself as being established in 1897; nor shall he use his name in any way which would mislead the dancing public with reference to the name used by the plaintiff, namely: The DaPron School of Dancing.

"That the defendant shall not use his name in any way which would mislead the dancing public with reference to the name used by the plaintiff, namely, 'The DaPron School of Dancing.'"

1. In the stipulated facts upon which this case was tried, no fraud, deceit, or any unfair or dishonest practice can be found, nor do they disclose that the defendant was under any contractual obligation with the plaintiff respecting the use of the defendant's family name. Under these circumstances, we are called upon to determine what right, if any, a natural person has to the use of his own family name in conducting any business, even though the use thereof may be detrimental to others of the same name or others who have previously used the same family name, and who are engaged in a competitive business in the same locality.

In *Meneely v. Meneely,* 62 N. Y. 427, 431, where the facts are such as to appeal more strongly to a court of equity than those in the present case, the following language is used: "For every man has the absolute right

to use his own name in his own business, even though he may thereby interfere with or injure the business of another person bearing the same name, provided he does not resort to any artifice or contrivance for the purpose of producing the impression that the establishments are identical, or do any thing calculated to mislead. Where the only confusion created is that which results from the similarity of the names the courts will not interfere. A person cannot make a trade mark of his own name, and thus obtain a monopoly of it which will debar all other persons of the same name from using their own names in their own business."

In *Singer Mfg. Co. v. June Mfg. Co.*, 163 U. S. 169, 187, 16 Sup. Ct. 1002, 41 L. Ed. 118, it is said: "Everyone has the absolute right to use his own name honestly in his own business, even though he may thereby incidentally interfere with and injure the business of another having the same name. In such cases the inconvenience or loss to which those having a common right are subjected is damnum absque injuria. But although he may thus use his name, he cannot resort to any artifice or do any act calculated to mislead the public as to the identity of the business firm or establishment, or of the article produced by them, and thus produce injury to the other beyond that which results from the similarity of name."

The Singer case, supra, and the language herein quoted was cited with approval by Mr. Chief Justice Fuller in *Howe Scale Co. v. Wyckoff, Seamans & Benedict*, 198 U. S. 118, 138, 25 Sup. Ct. 609, 49 L. Ed. 972, where the following language of Lord Esher, in *Turton v. Turton*, 42 Law Reports, Ch. Div. 128, was cited with approval: "Therefore the proposition goes to this length: that if a man is in business and has so carried on his business that his name has become a value in the market, another man must not use his own name. If that other man comes and carries on business he must discard his own name and take a false name. The proposition seems to me so

monstrous that the statement of it carries its own refutation.''

In *Hilton v. Hilton*, 89 N. J. Eq. 182, 183, 104 Atl. 375, L. R. A. 1918F, 1174, it is said:

''The effect of this injunction is to preclude the defendant from using his own name in the clothing business in any city where the complainant conducts a retail clothing business. That this was meant to be its scope is shown by the respondent's defence to the decree, both orally and in his brief.

''The right of a man to use his own name in his own business is part of the natural and inalienable rights guaranteed by the very first clause of our Constitution, without which the right to acquire, possess and protect property would be of little worth.''

In *Seligman v. Fenton*, 286 Pa. 372, 375, 133 Atl. 561, in a case where the facts are similar to the one under consideration, it is said: ''The trial court properly held defendant had the right to honestly use his own name in his own business, and any injury resulting therefrom was damnum absque injuria.''

The Seligman-Fenton case, supra, is reported in 47 A. L. R. 1186, where, in a note following, the decisions in many states are collated, and from a reading of many of these decisions, we are convinced that the almost universal rule is that a natural person cannot be restrained from the use of his own name honestly in the conduct of his own business, although his name and the business are identical with that of another previously engaged in the same locality. This rule is also supported by the text and cases cited in: 38 Cyc. 807 et seq; 26 R. C. L. 854, §33.

The injunctive decree also prohibited defendant's use of the phrase ''School of Dancing,'' and other particular phrases in connection with his name. The terms enumerated in the decree are generic, and might well be interpolated for the word ''driverless'' in the case of *Driverless Car Co. v. Glessner Co.*, 83 Colo. 262, 269, 264

Pac. 653, where Mr. Justice Campbell said: "So here, in the case now under consideration, as found by the trial court, the word 'Driverless' has not acquired in the mind of the Denver public a secondary meaning as denoting the business of any particular company and, therefore, in the absence of actual fraud or intent to deceive, plaintiff did not acquire the right to the exclusive use in its corporate name of 'Driverless' because the same is merely generic or descriptive of the particular business in which both of these companies are engaged. * * * Where, as here, there is no actual fraud or intent to deceive, 'Driverless' has not acquired in the mind of the public a secondary meaning. It is purely a generic term."

2. What has been said with reference to plaintiff's cause of action applies with equal force to the one attempted by the defendant in his cross-complaint. Defendant, in order to prevail, must show that the plaintiff was guilty of fraud, deceit, or other unfair or dishonest practice, or that he violated some contractual obligation respecting the use of the name "DaPron," and in the absence of such proof, he is not entitled to relief in a court of equity.

The judgment is reversed with orders to the trial court to set aside its decree heretofore entered herein, and dismiss the action at the cost of the plaintiff. Each party to pay its own costs incurred in this court.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE ADAMS and MR. JUSTICE CAMPBELL concur.