JARVAISE ACADEMY OF BEAUTY CULTURE AND AN-
OTHER v. ST. PAUL INSTITUTE OF COSMETOLOGY,
INC. AND ANOTHER.[1]

June 12, 1931.

No. 28,362.

[1]Reported in 237 N. W. 183.

*Louis Sachs,* for appellants.
*David London* and *L. W. Crawhall,* for respondents.

OLSEN, J.

Plaintiffs appeal from an order denying their motion for a new trial.

The action is one to enjoin the defendants from using the name "DeGuile" or "Madame DeGuile" in connection with the operation of a school and shop in St. Paul for training persons desiring to engage in the beauty shop business. There is also in the complaint a claim for recovery of damages for the alleged unauthorized use of these names. But it is conceded that no actual damages were proved, and no claim is now made on that ground.

The court made findings of fact and conclusions of law in favor of defendants. The only question raised here by the record, assignments of error, and arguments is whether the findings of fact made by the trial court, or the decisive findings so made, are sustained by the evidence. We do not attempt a recital of all the evidence, but the following may be stated:

The individual plaintiff, whose legal name at the time of the commencement of the action and for some years prior thereto was Florence Nichols, had in the year 1924 established what she named and advertised as "DeGuile's Beauty Shop and School" in the city of St. Paul. Her mother, Mrs. Gile, and her sister, Mrs. Skelton, were associated with her in the business, but what their interest was does not appear. Prior to that time she had established and was operating and continued to operate a like school under the same or a similar name in Minneapolis. She had for some time been using the names "DeGuile" and "Madame DeGuile" and continued so to use these names in advertising and operating the two schools, apparently to characterize the system used or the proprietorship thereof or as business names. She was quite generally

known and referred to as "Madame DeGuile," although DeGuile was never her legal name.

In 1925 she organized the defendant corporation, St. Paul Institute of Cosmetology, Inc. and sold and transferred to the corporation the business, good will, and all things pertinent and incidental thereto of the business known as "DeGuile's Beauty Shop and School" in St. Paul. The transfer was made in consideration of the issuance to her of all the shares of stock of the corporation (500 shares) except that she caused two qualifying shares to be issued to her sister and mother. After such transfer the St. Paul business was continued by the corporation and was operated and advertised as a DeGuile school.

In 1927 Florence Nichols appears to have transferred her stock to her mother, Ida E. Gile. Later the stock of the corporation and the business in St. Paul were acquired by the defendant Nelson, and the business has since been conducted by the defendant corporation and controlled by her or by parties to whom she has since transferred part or all of the stock of the corporation. The St. Paul school has continued to use the name "DeGuile" to some extent as a designation or description of its business.

In 1928 Florence Nichols, under the name of Florence DeGuile, entered into a written contract with the plaintiff corporation, Jarvaise Academy of Beauty Culture, operating a school in Minneapolis, whereby she granted to that corporation the exclusive right to the use of the name "DeGuile," excepting only the school conducted under that name in St. Paul. In that contract the name is referred to as a trade-name.

The trial court found that by the sale and transfer of the business, good will, and all things pertinent and incidental to the business of the DeGuile Beauty Shop and School, in St. Paul, to the defendant corporation, the plaintiff Florence Nichols had transferred to said defendant the property and the right to use the trade-name "DeGuile" in operating its shop and school in St. Paul. It also found that the plaintiff Florence Nichols is the owner of and has the right to use the name "DeGuile" and "Madame DeGuile," ex-

cept that the defendant corporation has also the right to use the name "DeGuile" in connection with its business in the city of St. Paul. The court accordingly held that plaintiffs were not entitled to any relief. These findings by the court, if sustained by the evidence, are decisive of the case.

■ That the name in question was a trade or business name is sufficiently shown. It was used as a distinguishing name for the shop and school and was not the legal name of any person connected with the business. Mrs. Nichols' adoption of the name for business purposes was but the adoption of a trade-name. The court was justified in holding that it was a trade-name.

■ A trade-name, while not strictly a trade-mark, is generally governed as to its use and transfer by the same rules as a trade-mark. 26 R. C. L. 830; Appeal of Laughman, 128 Pa. 1, 18 A. 415, 5 L. R. A. 599.

■ The sale or transfer of the property and good will of an established and going business includes trade-names and trade-marks used in that business. Twin City Brief Ptg. Co. v. Review Pub. Co. 139 Minn. 358, 166 N. W. 413, L. R. A. 1918D, 154; Terry v. Cooper, 171 Ark. 722, 286 S. W. 806, 48 A. L. R. 1254; Hoxie v. Chaney, 143 Mass. 592, 10 N. E. 713, 58 Am. R. 149; Russia Cement Co. v. LePage, 147 Mass. 206, 17 N. E. 304, 9 A. S. R. 685; Detroit Creamery Co. v. Velvet Brand Ice Cream Co. 187 Mich. 312, 153 N. W. 664; Belding's Cleaners & Dyers v. Belding, 245 Mich. 243, 222 N. W. 82; Wright Restaurant Co. v. Seattle Restaurant Co. 67 Wash. 690, 122 P. 348; Listman Mill Co. v. William Listman Milling Co. 88 Wis. 334, 60 N. W. 261, 43 A. S. R. 907.

The name of a newspaper is in the nature of a trade-mark and passes by an assignment of the business and good will of the newspaper. Seabrook v. Grimes, 107 Md. 410, 68 A. 883, 16 L.R.A.(N.S.) 483, 126 A. S. R. 400.

All rights in trade-marks possessed by one who transfers to another the business in which such trade-marks are used will, in the absence of evidence to the contrary, be assumed to have passed by the transfer. Appeal of Laughman, 128 Pa. 1, 18 A. 415, 5 L. R. A. 599.

A transfer of the business and good will of a hotel carries with it the right to continue to use the name thereof. Mossop v. Mason, 18 Grant Ch. (Canada) 453.

A lessee of a theater was entitled to continue to use the name of the theater. Booth v. Jarrett, 52 Howard Pr. 169.

Of course a transfer might be so restricted or made under such circumstances as to show that trade-names or trade-marks were not included.

■ The court was justified in finding that the defendant corporation had the right to use the name "DeGuile" as a trade-name in connection with its shop and school in St. Paul. Defendant Nelson is not shown to have used the name otherwise than in the business of the corporation, while controlled by her.

It appeared in the evidence that after the action was commenced the shop and school in St. Paul had been sold and transferred to another corporation. As that corporation is not a party to this action, that transfer requires no consideration.

The finding that by the transfer to defendant corporation of the DeGuile Beauty Shop and School in St. Paul the defendant corporation acquired the right to use the name "DeGuile" in connection with that shop and school in St. Paul is sustained by the evidence.

■ The findings we have considered are decisive of the case; and, where the decisive findings are sustained by the evidence and sustain the conclusions of law, it is not error for the court to refuse to strike them out or refuse to make additional or substituted findings or conclusions.

■ Plaintiffs' counsel argues that the name "DeGuile" is the personal name of Mrs. Nichols and that she could not be deprived of its use. There are two answers: (1) The court on sufficient evidence has found that the name is not her personal name but a trade-name; (2) the court has not deprived her of any use of the name. She could not use her personal name, if it were such, in connection with a shop in St. Paul in which she has no interest.

It is also claimed that the use of the name by defendants amounted to unfair competition. The defendants having the right to use

the name in connection with the St. Paul school, the evidence fails to show any use thereof which would amount to unfair competition.

Order affirmed.

