CLARE D. STOUT, GEORGE M. ROSS AND ROSCOE W. ALLEN, COPARTNERS, DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF HONOLULU ROOFING COMPANY, *v.* MERRITT T. LAWS, NOBURO KAGEURA AND PAUL KUBOTA, COPARTNERS, DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF LAWS ROOFING COMPANY.

No. 2625.

ARGUED JULY 19, 1946.　　　　　DECIDED AUGUST 12, 1946.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY PETERS, J.

This is a petition for a declaratory judgment.

From the allegations of the complaint it appears that on April 2, 1945, the plaintiffs jointly purchased as a going concern the assets and good will of the roofing business then owned and operated by Howard W. Laws on the corner of Ala Moana and Cooke St. in Honolulu, including the right to do business under the style of "Laws Roofing Company"; that they thereupon organized as a copartnership under the firm name and style of "Laws Roofing Company" but registration of the partnership in the office of the treasurer of the Territory was refused due to the similarity of its name with the name of a copartnership previously registered, to wit, the "Laws Roofing Company," a partnership composed of the respondent, Merritt T. Laws, and the other two respondents, registration of which had been effected by them on March 29 previously; that since April 2, 1945, the business formerly owned and operated by Howard W. Laws has been continued at the same place by the plaintiffs and, in the meantime, respondents have established themselves in the roofing business in another part of town under the name of "Laws Roofing Company," resulting in confusion as to which of the two firms is the successor of the business formerly conducted by Howard W. Laws.

The plaintiffs seek to adjudicate (1) that they are en-

titled to the use of the trade name "Laws Roofing Company" in connection with the roofing business conducted by them in Honolulu; (2) that they are entitled to have their copartnership registered as the "Laws Roofing Company" and the name "Laws Roofing Company" registered as a trade name in the office of the treasurer of the Territory and (3) that the registration of the name "Laws Roofing Company" by the respondents in the office of the treasurer of the Territory was in fraud of the rights of the plaintiffs to said name. They also seek, by way of consequential relief, the cancellation of the registration by respondents in the office of the treasurer of the Territory of the partnership name "Laws Roofing Company" and an injunction permanently restraining respondents from using the name "Laws Roofing Company" and from advertising or holding out that they are the successors to the business formerly conducted by Howard W. Laws.

The cause was mistakenly treated similarly as an action at law. The answer is one of general denial and the judgment contains no adjudications, it being merely in favor of respondents and against the plaintiffs. The presiding judge, however, filed a written decision and the findings of fact contained therein are sufficient to permit a consideration of the errors assigned.

The first question which arises under the issues of law involved is what, if anything, in respect to the use of the trade name "Laws Roofing Company" plaintiffs acquired by the assignment to them of April 2, 1945, and this depends upon (1) whether their vendor, Howard W. Laws, had acquired an exclusive right to the use of the trade name "Laws Roofing Company" by appropriation and use and (2) whether that right was assignable. It does not appear that either of the parties has registered the trade name "Laws Roofing Company" under any act of the Congress of the United States or under the laws of Hawaii except, as heretofore stated, as the name of the partner-

ship composed of the respondents pursuant to Revised Laws of Hawaii 1935, section 8601. Hence their respective rights to the use of that name "must be decided according to common-law principles of general application."[1]

The right to adopt and use a trade name to distinguish the business or place of business to which the name is applied from other businesses or places of business similarly engaged and to the use of such name to the exclusion of such others has been recognized by the common law and protected both at law and in equity.[2] Differently from trademarks, trade names are usually applicable to a business and its good will.[3] Although strictly speaking a trade name is not a property right, its exclusive use by the first appropriator will be protected.[4]

Trade names may be established without registration under the Acts of Congress relating to trademarks or copyrights and without registration under the local law pertaining to trademarks and trade names. (R. L. H. 1945, c. 179.) They are acquired by adoption and user for a period of time sufficiently long for the public to associate the name with the business to which it is applied. They belong to the one who first uses them and gives them value.[5] If Howard W. Laws was the first to adopt the name "Laws Roofing Company" as a name of his roofing business in Honolulu, and he used the same exclusively of all others engaged in the same business for a period of time sufficiently long for the public to associate in its mind the name "Laws Roofing Company" with the roofing

[1] Hanover Milling Co. v. Metcalf, 240 U. S. 403, 411.

[2] Nims, Unfair Competition and Trade-Marks (2d) § 162, p. 323, § 199, p. 389.

[3] American Foundaries v. Robertson, 269 U. S. 372, 380.

[4] Hanover Milling Co. v. Metcalf, supra; Howard v. Henriques, 3 Sandf. (N. Y.) 725.

[5] Standard Oil Co. of New Mexico v. Standard Oil Co. of Cal., 56 F. (2d) 973; Viano v. Baccigalupo, 183 Mass. 160, 67 N. E. 641.

business conducted by him, then it may be said that Howard W. Laws had acquired a common-law right to the exclusive use of that name in connection with his roofing business according to common-law principles of general application.

The court found that Howard W. Laws had, for many years prior to his sale to the plaintiffs, been engaged in the roofing business in Honolulu; that his business was a sole enterprise conducted only by himself and that he had used several variations of his name as a designation of his business; that for the years 1938, 1942, 1944 and 1945 he took out the gross income license for his business as "Howard W. Laws doing business as Laws Roofing Supplies" although he filed gross income tax returns in the year 1938 as "Laws Roofing Company"; that he used letterheads bearing the name "Howard W. Laws—Roofing and Building Specialties" and billheads with the heading "Laws Roofing Supplies"; that during the course of his business career he also used letterheads with the heading "Howard W. Laws" and such letterheads appeared to have been those most consistently used by him; that his trucks bore the sign and designation of "Howard W. Laws" and that the general designation of his business and the name by which it was most generally and widely known was "Howard W. Laws" or "Howard Laws" Roofing Company.

These facts in our opinion are sufficient to sustain the conclusion that Howard W. Laws had acquired a common-law right to the exclusive use of the name "Laws Roofing Company" in connection with his roofing business in Honolulu unless plurality of names deprived him of the exclusive use of any. The trial court held: "The evidence herein fails to establish that the said Howard W. Laws had so exclusively used the name 'Laws Roofing Company' as to establish any exclusive right thereto as a trade name. It is true that upon occasions he used said name, and for

brevity's sake his business was often referred to as 'Laws Roofing Company,' but the almost consistent designation of his business by him was that of 'Howard W. Laws, Roofing Supplies.' " We construe the word "exclusively" as employed by the presiding judge in her decision in respect to the use made by Howard W. Laws of the name "Laws Roofing Company" as having reference to his use of other names in addition to the name "Laws Roofing Company" and not to its use by others. The evidence is undisputed that Howard W. Laws was the only one who used the trade name "Laws Roofing Company" and that no one else ever used that name until it was adopted by respondents as the name and style of their copartnership on March 29, 1945.

Plurality of trade names, however, does not deprive their prior appropriator from acquiring a common-law right to their exclusive use. All the names enumerated by the trial court as used by Howard W. Laws in connection with his business contain either his full name or the name "Laws." The words "Roofing Supplies," "Roofing and Building Specialties" and the word "Roofing" are merely descriptive of the business conducted by the person identified as "Howard W. Laws," "Howard Laws" or "Laws." It is true that the word "Company" implies association with others which, in the case of a sole trader, may be misleading. But the use of descriptive words[6] and the use of the word "Company" does not defeat the right of the first user to enjoin one subsequently adopting the same name.[7]

More often than not the adoption and use of more

---

[6] Computing Cheese Cutter Co. v. Dunn, 45 Ind. App. 20, 88 N. E. 93; Hainque v. Cyclops Iron Works, 136 Cal. 351, 68 Pac. 1014; Computing Scale Co. v. Standard Computing Scale Co., 118 Fed. 965; Chapin-Sacks Mfg. Co. v. Hendler Creamery Co., 254 Fed. 553.

[7] Nims, Unfair Competition and Trade-Marks (2d) § 93, p. 181.

than one trade name is the result of abbreviation or 'misuse by the public of the name originally adopted. Especially is this so where, as here, the different names applied were variations of the full name of Howard W. Laws in combination with words descriptive of his business. No doubt for reasons of brevity or association of the surname "Laws" with the business conducted by Howard W. Laws the name "Laws Roofing Company" was applied by the public to the business conducted by him and he adopted and used it in addition to the other names employed by him. Unquestionably the surname "Laws" had become so completely identified with the particular business conducted by Howard W. Laws as to become synonymous with it. It had acquired a secondary meaning.[8] The value, if any, of the name "Laws Roofing Company" was due to its association with the business to which the name "Laws" was applied.

It is not uncommon for tradesmen to adopt and use, as a result of accident or design, different trademarks for the same article of manufacture, the difference in trademarks indicating difference in quality, grade, type, etc. of the same article. And such use of different trademarks identifying the same article has support in authority.[9] The adoption and use of different trade names is analogous.[10] If each of the names employed by Howard W. Laws had been used by him in the manner and to the extent necessary to acquire a common-law right to its use in connection with the business to which it was applied each name is entitled to protection notwithstanding the

---

8 R. H. Macy & Co. v. Colorado Clothing Mfg. Co., 68 F. (2d) 690.

9 Nims, Unfair Competition and Trade-Marks (2d) § 194, p. 382; Dixie Cotton Felt Mattress Co. v. Stearns & Foster Co., 185 Fed. 431; Layton Pure Food Co. v. Church & Dwight Co., 182 Fed. 24; Capewell Horse Nail Co. v. Mooney, 167 Fed. 575; Loonen v. Deitsch, 189 Fed. 487; United Lace & Braid Mfg. Co. v. Barthels Mfg. Co., 221 Fed. 456, 461.

10 Hanover Milling Co. v. Metcalf, supra, p. 413.

existence of other names equally entitled to protection. The findings of the presiding judge admit of only one conclusion and that is that by appropriation and use Howard W. Laws had acquired a right to the exclusive use of the trade name "Laws Roofing Company." That he may have also acquired a common-law right to the exclusive use of other names is immaterial. It is sufficient that he acquired a common-law right to the exclusive use of the particular name in question.

There remains to be considered whether or not the right to the exclusive use was assignable. The assignment of the right to use the name "Laws Roofing Company" included the business and good will to which it referred and hence no question of the validity of the assignment is involved. It is generally conceded that where a trade name is personal, that is, where it indicates to the public that the personal care and skill of a certain individual have been exercised in the rendition of the services in connection with which a trade name is used, such as a band or orchestra named after its leader, it is not assignable for the reason that it would be a fraud on the public if such a name were used by other persons.[11] But an exception is made where a business, in connection with which a trade name is used, renders services of a certain standard, kind or quality.[12] That is the case here. The presiding judge found that Mr. Laws did not engage in the manufacture of any article bearing his name or identified thereby and his business was solely one of personal service in constructing and repairing roofs but she also found

[11] Hoxie v. Chaney, 143 Mass. 592, 10 N. E. 713.

[12] Ward-Chandler Bldg. Co. v. Caldwell, 8 Cal. App. (2d) 375, 47 P. (2d) 758. Instances: Detective Agency—N. L. Pierce Nat. Detective Agency v. Pierce Detective Agency, 217 Ala. 594, 117 So. 191; Dancing School—DaPron v. Russell, 87 Colo. 394, 288 Pac. 178; School for Beauty Shop Operators—Jarvaise Academy v. St. Paul Inst. of Cosmetology, Inc., 183 Minn. 507, 237 N. W. 183.

that in the construction and repairing of roofs he used trademarked roofing materials for which he held the exclusive agencies such as the "Certainteed Products" and products with the "Vulcanite" label. This without more is sufficient to sustain the conclusion that although the law of trademarks might not apply, the material used, of which he was the exclusive agent, rendered his services of a standard, kind and quality distinguishable from those of other roofers using other material and under those circumstances the trade name "Laws Roofing Company" was assignable.

But while the common-law right to a trade name excludes its use by others, no monopoly can be created in the use of a family name. Every person bearing a similar name is entitled to its use in his business as long as he uses it fairly and honestly.[13]  And this is so whether he uses it as a sole trader or in association with others. The respondent, Merritt T. Laws, was entitled to use his name in the roofing business, the only limitation upon its use being that as to its prior appropriator, Howard W. Laws, he use it fairly and honestly. Hence the question for final consideration is whether in the use of the trade name "Laws Roofing Company" Merritt T. Laws has acted fairly and honestly or, on the contrary, abused the right to use the family name "Laws" to the injury of plaintiffs.

The trial court found that the respondents were not guilty of actual fraud in adopting the name "Laws Roofing Company." And if, as it also held, Howard W. Laws did not possess the exclusive right to its use, then as to these plaintiffs the finding is correct. But holding, as we do, that Howard W. Laws was vested with the exclusive right to use the name "Laws Roofing Company"

---

[13] Nims, Unfair Competition and Trade-Marks (2d) § 67, p. 116, § 206, p. 403; Howe Scale Co. v. Wyckoff, Seamans etc., 198 U. S. 118; Brown Chemical Co. v. Meyer, 139 U. S. 540; Thaddeus Davids Co. v. Davids, 233 U. S. 461; Ziegfeld et al. v. Conklin et al., 50 N. Y. S. (2d) 906.

and that plaintiffs by assignment succeeded to that right the use of the same name by the respondents upon the same facts as found by the trial court is presumptively fraudulent.

The presumption of fraud arises from the use of similar names.[14] "It may usually be presumed that where a person sets up a business under a name similar to one already in use, even though that name be his own, he is not taking that name because it is necessary to take it, nor because using it is essential to his success, but because he hopes by the confusion resulting from using it to get for himself some of the trade which belongs to the established concern. To wish to get all of this trade he can is not condemned by the law, but to try to get it by creating in any way the idea in the minds of the public that his concern is not his, but the older house, is rightly condemned, and here is the gravamen of the injury which is the result of his use of the name.

"Where such a state of facts as this is found, equity does not wait for definite proof of fraud."[15]

In our opinion the use by the respondents of the trade name "Laws Roofing Company" is unfair and dishonest and its further abuse by them must be restrained. This is not to say that Merritt T. Laws may not use his name in connection with the roofing business conducted by him and his associates but its use must not be such as to produce confusion and uncertainty concerning the identity of the successors of the roofing business formerly conducted by Howard W. Laws. The burden of preventing confusion and uncertainty devolves upon respondents and not the plaintiffs.[16]

---

[14] Faber v. Faber, 124 Fed. 603; G. B. McVay & Son Seed Co. v. McVay Seed & Floral Co., 201 Ala. 644, 79 So. 116.

[15] Nims, Unfair Competition and Trade-Marks (2d) § 359, p. 626.

[16] Herring etc. Safe Co. v. Hall's Safe Co., 208 U. S. 554, Waterman Co. v. Modern Pen Co., 235 U. S. 88.

The presumption of fraud arising from the adoption by the respondents of the same name as used by Howard W. Laws was not rebutted. On the contrary it was corroborated. The undisputed evidence given upon the trial admits of the finding that on March 29, 1945, and at the time that the respondents registered the name "Laws Roofing Company" as the name of their copartnership, all of the respondents were employees of Howard W. Laws in his roofing business, Merritt T. Laws being the superintendent of construction and the other two respondents workmen under Merritt T. Laws. It is also undisputed that at that time Howard W. Laws was absent from Honolulu on account of illness and Merritt T. Laws was the acting manager of the business. An employee unquestionably owes a duty of loyalty to his employer. Likewise an agent in respect to the subject matter of his agency must exercise the utmost good faith in the furtherance and advancement of the interests of his principal. Agents, as to matters within the scope of their duty, cannot assume positions antagonistic to their employer's interest.[17] And failing to observe this duty the agent is guilty of constructive fraud. The relation of principal and agent and breach of good faith by Merritt T. Laws in other respects in addition to adopting and registering the name of "Laws Roofing Company" by the respondents was urged by plaintiffs as sufficient to warrant the cancellation of the registration by respondents of their partnership name and to order the registration by the treasurer of the same name as the partnership name of plaintiffs. And plaintiffs seek the review by this court of the adverse findings of the trial court in respect to these contentions. But in our opinion none of this evidence need be considered only as it throws light upon the intent with which Merritt T. Laws and his

---

17 Keller v. American Chain Co., Inc., 255 N. Y. 94, 174 N. E. 74.

associates adopted the name "Laws Roofing Company" as the name of their copartnership.

The jurisdiction in equity to prevent interference with the good will of an established concern by restraining piracy of a name under which it does business, which is vested in the court having jurisdiction of a petition for a declaratory judgment seeking equitable relief, is sufficiently complete and comprehensive to admit of the cancellation of the registration by respondents in the office of the treasurer of the name "Laws Roofing Company" as the name of the copartnership,[18] the result of which would be to make way for the registration by plaintiffs of that name as the name of their copartnership should they so desire.

Registration of the name "Laws Roofing Company" in the office of the treasurer of the Territory as a trade name must be denied. The provisions of Revised Laws of Hawaii 1945, chapter 179, apply only to prints, labels, trademarks or trade names intended to be attached or applied to goods or manufactured articles, etc. The allegations of the complaint disclose no such intention.

The judgment appealed from is reversed and a declaratory judgment conformable to the views herein expressed will be entered in this court upon presentation.

*J. G. Anthony (Robertson, Castle & Anthony* on the brief) for plaintiffs, plaintiffs in error.

*A. K. Trask* (also on the brief) for defendants, respondents in error.

---

[18] Hart v. Seattle, 45 Wash. 300, 88 Pac. 205; High, Injunctions, (3d) § 2, p. 3.