### ROWLEY v. J. F. ROWLEY CO.

(Circuit Court of Appeals, Third Circuit.  June 25, 1909.)

#### No. 48.

APPEAL AND ERROR (§ 1207*)—REVERSAL—PROCEEDINGS AFTER REMAND—DECREE.

In a suit for unlawful competition in the use of the name "Rowley," the court restrained defendant from making or selling goods on which the address, covering, or appearance was such as would be likely to deceive the public or prospective purchasers, and from using the name "Rowley," with or without initials, in any manner whatever in the manufacture or sale of his goods. This decree was reversed solely on the ground that defendant was entitled to use "Rowley," which was his own name, provided an explanation was added, whereupon, on remand, the court entered a new decree restraining defendant from using the name "Rowley," without initials, in any manner whatever in the manufacture and sale of artificial limbs, and from using that name with initials in any manner whatever, unless accompanied by explanatory words sufficient to distinguish defendant's goods from those manufactured by complainant. *Held*, that such decree was a compliance with the instructions of the Circuit Court of Appeals in remanding the cause.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4696–4699; Dec. Dig. § 1207.*]

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

For former opinion, see 161 Fed. 94, 88 C. C. A. 258.

John H. Roney, for appellant.
Frank Ewing, for appellee.

Before GRAY, Circuit Judge, and LANNING and YOUNG, District Judges.

GRAY, Circuit Judge.  This case came before this court on appeal, as No. 44 March term, 1908.  In the court below, the appellee filed a bill, in which it charged the appellant with unfair competition in the use of the name "Rowley" upon articles manufactured by him.  The court in its decree, after the usual injunction restraining the defendant (the appellant here) from making and selling any goods on which the dress, covering or appearance is such as would be likely to deceive the public or prospective purchasers; and from using samples or mailing letters or circulars, such as would deceive the ordinary purchaser into believing that the defendant's goods were the plaintiff's goods, also enjoined the defendant from the use of the name "Rowley," with or without initials, in any manner whatever, in the manufacture or sale of his goods.  This court, on the appeal referred to, re-

---

versed the decree of the court below, "solely upon the ground that there was error in restraining the appellant from using his own name, 'in any manner whatsoever,' instead of 'allowing the use, provided that an explanation is added.'" The cause was therefore remanded to the court below for further proceedings, to be there taken in accordance with the opinion of this court.

The court below thereupon entered a decree, the pertinent portion of which is as follows:

"And now, November 7, 1908, this cause having been remanded to this court by the United States Circuit Court of Appeals, Third Circuit, with instructions to modify the former decree entered herein and upon hearing and argument of counsel, upon consideration thereof, in accordance with the mandate of said Circuit Court of Appeals, it is ordered, adjudged and decreed that a perpetual injunction be granted in this cause against the said defendant, his agents, employés, servants or by any one acting in his behalf, restraining him and them from making and selling any artificial limbs in imitation of the goods made and sold by the plaintiff in which the dress, covering or appearance is such that it would likely deceive the public or prospective purchasers; from mailing letters or circulars such as would deceive the ordinary purchaser into believing that the defendant's goods were the plaintiff's goods; from the use of the name 'Rowley' without initials, in any manner whatsoever in the manufacture or sale of artificial limbs; from the use of the name 'Rowley' with initials in any manner whatsoever in the manufacture or sale of artificial limbs, unless in each and every instance in which the name is so used it is accompanied by explanatory words sufficient to clearly distinguish the goods manufactured from the goods of the complainant."

From this decree, the appellant has again taken an appeal to this court, in the present case, and in substance complains that the court below, in making the decree, has not conformed to the letter or spirit of the former decision of this court. We do not think that a discussion of this contention would serve any useful purpose. The decree of the court below, as above set forth, speaks for itself, and we content ourselves with the expression of the opinion that the court below in said decree has conformed to both the letter and the spirit of the instructions given by this court, in remanding the former case, and the same is hereby affirmed.