A. W. Thompson Company, Appellant, vs. Thompson, Respondent.

*March 11—April 7, 1937.*

520

For the appellant there was a brief by *Graves & Earll* and *M. R. Munson,* all of Prairie du Chien, and *Smith & O'Connor* of Dubuque, Iowa, and oral argument by *J. S. Earll* and *Marshall Thomas* of Dubuque.

For the respondent there was a brief by *Joe P. Evans* of Prairie du Chien, and *Kopp & Brunckhorst* of Platteville, and oral argument by *Mr. Arthur W. Kopp* and *Mr. Evans.*

FAIRCHILD, J. The first assignment of error is based on a finding of fact in which it was determined that defendant permitted the use of his professional title and name in 1925—

"with the distinct understanding that, should the defendant cease to be connected with the plaintiff company, its right to use his professional name should cease."

It is unnecessary to set forth a detailed review of the evidence, for it sustains this and the other findings of fact.

We deal here with a set of circumstances under which each party in the case has some right to use defendant's name. The defendant's use of his own name is restricted only by the rights acquired by the plaintiff, and those rights must appear

from the facts found to exist by the trial court. The defendant has a right to engage in business as a competitor of plaintiff and, in the absence of any self-imposed restraint, may make honest use of his name in conducting that business. The test of honest use is not merely whether such use may be detrimental to other individuals of the same name or to corporations making lawful use of a similar or the same name. The rule as laid down in text and cases amounts to this : That a natural person is entitled to the absolute use of his own name in his own business, subject to the condition that he is not to resort to any artifice or act calculated to mislead the public as to the identity of the establishment so as to produce injury to the other beyond that which results from similarity of the names and unless he has bound himself not to do so. See note, 47 A. L. R. 1189, at p. 1190 ; *Phœnix Mfg. Co. v. White,* 149 Wis. 287, at p. 300, 135 N. W. 891 ; *J. I. Case Plow Works v. J. I. Case T. M. Co.* 162 Wis. 185, at p. 207, 155 N. W. 128. The facts show that defendant was paid nothing for the use of his name, and that he did not intend and as a matter of fact did not part with the right to use his name and title.

". . . Courts will not interfere where the only confusion, if any, results from a similarity of the names and not from the manner of the use. The essence of the wrong in unfair competition consists in the sale of the goods of one manufacturer or vendor for those of another, and if defendant so conducts its business as not to palm off its goods as those of complainant, the action fails." *Howe Scale Co. v. Wyckoff, Seamans & Benedict,* 198 U. S. 118, 140, 25 Sup. Ct. 609, 614, 49 L. Ed. 972.

The plaintiff cannot object to competition and it has not shown unfair competition. No act is disclosed that can be held to be the basis of estoppel. The original (1921) setup did not give plaintiff absolute control of defendant's name. The 1925 plan included the use of defendant's name and title

within limitations which left the defendant, upon withdrawal from plaintiff, free to use his name and his property as he sees fit, subject of course to the rules of law already referred to. The judgment below is based on a consideration of essential facts including the fact that defendant is a second comer in a field of competition. We cannot find under the facts of this case that defendant has appropriated the trade names of the plaintiff. The cases in support of plaintiff's claim that defendant is overreaching in the use of the name, "Dr. A. W. Thompson Laboratories," do not in our judgment warrant a rule of such severity. Perhaps typical of such cases and as strong a case as is called to our attention is *Belding's Cleaners & Dyers v. Belding,* 245 Mich. 243, 222 N. W. 82, 83, where the Michigan court appears to hold that—

"Consent by an incorporator to the use of his name and the adoption thereof in naming the corporation gives the name a trade or business identity, and estops the dedicator from thereafter using his name in a competing trade or business."

Belding, by clever manipulation, secured the building in which the corporation had previously done business, and his method of operation was unfair. Sufficient reason existed for the decision as made, but the further holding above quoted must depend upon the existence of certain facts not present, and is not, as applied to facts there stated, supported by the doctrine of cases there cited, such as *Williams v. Farrand,* 88 Mich. 473, 50 N. W. 446, and *Young & Chaffee Furniture Co. v. Chaffee Bros. Furniture Co.* 204 Mich. 293, 170 N. W. 48. In the *Belding Case* it should be noted that the decree finally approved provided that the restraint should be limited—

"to defendant's use of his name in connection with the . . . business at 7422 Kercheval avenue, or the vicinity thereof, or in competition with plaintiff's business."

There is no rule in this state, in the absence of any contract or circumstances constituting an estoppel, under which

one can exclude from the competitive field a former employee, and there is no occasion for holding that the plaintiff has the exclusive use of defendant's name and professional title. *Marshall v. Pinkham,* 52 Wis. 572, 9 N. W. 615; *J. I. Case Plow Works v. J. I. Case T. M. Co., supra.*

Certain formulas referred to in the evidence as "Masters Formulas" were found by the trial court—

"not secret formulas, that knowledge thereof is equally available to the plaintiff and the defendant, and that either may use them in their entirety or in modified form as they may desire, subject to the limitation herein contained."

The products manufactured by plaintiff subsequent to 1925 appeared to have been made from private formulas of the defendant under a stipulation that they were to be subject to his use upon retirement from the corporation's employ, and while the dispute is sharp, there is evidence that defendant's knowledge of each formula, including the so-called "Masters Formulas," was not gained because of his confidential relation with the plaintiff, but on the contrary were the result of his independent professional activities, and therefore the controversy which exists over whether Mr. Masters transferred his formulas to the plaintiff or defendant becomes of no materiality.

The contention that the decree is not sufficiently broad in the particular of its requirement that the label and advertising matter carry the legend: "This is not a product of the A. W. Thompson Company" is not justified, for the judgment does provide that the containers and literature used in advertising defendant's merchandise "shall carry in plain lettering renunciation of the fact that they are products of the A. W. Thompson Company" such as the legend above quoted or similar language. Evidently the trial court, after finding the facts as it did, concluded, and we think properly, that the practice followed in the case of *J. I. Case Plow Works*

*v. J. I. Case T. M. Co., supra,* would sufficiently meet all requirements of the situation here dealt with. The decree is calculated to protect plaintiff in its rights to the use of formulas and the limited right it has to use the name of defendant, and to prevent acts by defendant in the way of dressing up his goods so as to cause them to be palmed off on the trade as goods other than his.

The judgment provides that the plaintiff may use its corporate name or "Thompson's" on any of its products or literature, the name "Dr. Thompson" nowhere except on its literature or products from formulas used while defendant was with plaintiff, but may not use on any of its products or literature the name "Dr. A. W. Thompson;" that the plaintiff is the sole owner of the formulas originally transferred to it, and that all the other formulas are not secret, and may be used by each party.

There remains for consideration the contention that defendant should be restrained from claiming in his advertising "That the original and reliable Dr. Thompson's products can only be obtained from the Dr. A. W. Thompson Laboratories." Use of phrases or names or styles over which the plaintiff has control appear to be sufficiently protected. This complaint is based on statements in advertising matter savoring strongly of self-adulation and trade boosting, but without any invasion of plaintiff's rights in the matter. This phase of the controversy is controlled by the finding that in 1925 the title "Dr." and the formulas concocted by defendant thereafter were to be the possessions of defendant and to continue to be his upon his withdrawal from the plaintiff company. There is also testimony that the defendant is not compounding formulas like those used by plaintiff. At least it appears that his preparations are the result of his experience in the practice of his profession as a veterinarian guided by information secured through associations and other sources available and entirely independent of the plaintiff. This

leaves the situation one in which the defendant is free to enter into competition with plaintiff, subject to such limitations as may properly be imposed because of the privileges he has transferred to the plaintiff by conduct and contract.

In affirming the judgment we are of the opinion that both the public and the plaintiff have been protected.

The failure to show a property right in the formulas used in the manufacture of the products over which there is a dispute, or that the formulas were secret, and that the defendant obtained his knowledge of them because of a confidential relation, and that his use of them is a breach of confidence, and the conclusive showing that the plaintiff has not an exclusive right to the use of the defendant's name or his professional title, are fatal to plaintiff's case.

*By the Court.*—Judgment affirmed.