HANSER, Appellant, vs. HANSER, Respondent.

*September 12—October 11, 1938.*

*Thomas F. Millane* of Milwaukee, for the appellant.
*Jacob S. Rothstein* of Milwaukee, for the respondent.

NELSON, J.   There is no serious dispute as to the relevant facts.  The plaintiff is a sole trader, engaged in manufacturing soap products at the city of Milwaukee.  He has done business ever since the year 1919, under the name of "John Hanser Soap Company."  The defendant is a sole trader likewise engaged in the manufacture of soap products at the city of Milwaukee and ever since the year 1935, has done business under the name "Jos. Hanser Soap Company." The plaintiff and defendant are brothers, aged fifty-eight and fifty-five years, respectively.  Prior to the year 1919, John Hanser, the father of the plaintiff and defendant, owned and conducted a successful soap-manufacturing business in the city of Milwaukee.  Both the plaintiff and the defendant were, as young men, employed in their father's business, and were both taught the business of soapmaking. The defendant remained in the business with his father until about six years prior to the latter's death, which occurred in March, 1919.  The plaintiff stayed with his father until the latter's death and then continued in the business for several months thereafter.  Shortly after the father's death, the plaintiff commenced business for himself under the name of "John Hanser Soap Company."  He has operated under that name ever since, has developed a very successful and

extensive business, especially in manufacturing and marketing soap flakes. The plaintiff's soap flakes, except those packaged and cartoned for particular jobbers under their own brands or trade names, are called "Hanser's White Wonder Borax Soap Flakes." The plaintiff's soap flakes are largely marketed in cartons of different sizes which are attractive and distinctive in character.

Some time before John Hanser, the father, died, the defendant engaged in the potash-production business at Eau Claire. That business was later on conducted at Rice Lake and at Oshkosh where sources of supply for potash production existed. While at Oshkosh, the defendant manufactured a small amount of soap for local distribution. In 1927, he moved to South Milwaukee where he engaged in the tannery and soap business. He was ill much of the time up to 1931, and as a consequence did little business. In 1931, he became associated with a corporation known as the Industrial Soap Company. That company manufactured soap flakes which were distributed under the trade name of "Wash Right." During that time it also manufactured and distributed a limited amount of soap flakes under the trade name of "Blue Bird." The package then used contained the following notation: "J. Hanser Formula." In 1935, the defendant went into business for himself at West Allis and continued in business there until November, 1936, when he removed to Milwaukee where he now occupies the second floor of a building, the dimensions of which are forty by fifty feet. He manufactures soap products, one of which is soap flakes. His soap flakes are put up in manila-paper bags under the trade name of "Ribbons of Pure Soap." The bag also contains the following printing: "Contains Borax. A scientifically prepared soap of superior quality. Made by Jos. Hanser Soap Co., Milwaukee, Wisconsin." It appears without dispute that soap flakes are manufactured and mar-

keted by a multitude of soap manufacturers throughout the United States. There are a limited number of well-known and widely advertised brands. Some time before this action was commenced, a Mrs. Rosin went to a grocery store and inquired for a box of Hanser soap flakes. She desired the soap flakes manufactured by the plaintiff. She was shown a package of soap flakes manufactured by the defendant. She asked the clerk who was waiting upon her why the soap flakes were packed in a paper container. The clerk, according to her testimony, told her that it was due to the fact that the price of fats and other ingredients had gone up and the flakes were being put up in a paper container so that the price would not have to be raised. She thought she was buying the plaintiff's product. There is no evidence tending to show that the misrepresentation made to Mrs. Rosin was at the direction of the defendant or with his knowledge or consent. It appears also that during the summer of 1937, one of the plaintiff's salesmen observed a window display of soap flakes in a grocery store and a large sign indicating that it was a sale of Hanser's soap flakes. The plaintiff notified the defendant to stop the use of the name "Hanser" as he was using it, which the defendant refused to do. This action was then commenced.

The court found the facts substantially as stated, and specifically found that "defendant is conducting his said soap business in the city of Milwaukee and elsewhere, under the name of Jos. Hanser Soap Co. and such other names as were at various times used by him, made fair and honest use of his name and resorted to no fraud, artifice, or act calculated or tending to mislead the public as to the identity of his establishment or the products which he manufactures and sells. He has used names and descriptive material which distinguish his business and products from those of the plaintiff. That no confusion has resulted because of defend-

ant's use of the name 'Jos. Hanser Soap Co.' in connection with his soap business. In an instance presented in evidence in which a customer was furnished defendant's product in place of that of plaintiff, the transaction was accomplished by a clerk in a retail store not conducted by defendant by the making of express misrepresentations for the purpose of effecting the substitution. This occurred without defendant's knowledge and not at his instance, nor by his employee, nor in any transaction conducted by him."

That finding, in its entirety, is well supported by the evidence and therefore, under the well-established rules, may not be disturbed.

The plaintiff contends that he and he alone has the right to use the name "Hanser" in marketing his products, because of the fact that he has been actively engaged in the manufacture and marketing of soap for many years, and has expended large sums of money in advertising his business, and especially his soap flakes, and that the defendant has no right to use the name "Hanser" in marketing his products. The use of the name "Jos. Hanser Soap Company" is particularly sought to be restrained. In our opinion, the trial court, after finding the facts, was clearly right in concluding that the use by the defendant of the name "Jos. Hanser Soap Company" infringed upon no rights of the plaintiff, did not constitute unfair competition, and that it rightly dismissed the plaintiff's complaint on the merits.

It is generally held, both in this country and in England, that a natural person, in the absence of some self-imposed restraint, has a right to the fair and honest use of his family name in conducting any business, though such use may be detrimental to other individuals of the same name. See extended annotation in 47 A. L. R. p. 1190. Numerous cases are there cited and digested which support that rule. Among the cases there listed is *Fish Bros. Wagon Co. v. La Belle Wagon Works,* 82 Wis. 546, 52 N. W. 595.

Since that annotation was written this court, in the recent case of *A. W. Thompson Co. v. Thompson,* 224 Wis. 519, 523, 272 N. W. 343, said:

"That a natural person is entitled to the absolute use of his own name in his own business, subject to the condition that he is not to resort to any artifice or act calculated to mislead the public as to the identity of the establishment so as to produce injury to the other beyond that which results from similarity of the names and unless he has bound himself not to do so,"

and recited with approval the following language from *Howe Scale Co. v. Wyckoff, Seamans & Benedict,* 198 U. S. 118, 140, 25 Sup. Ct. 609, 49 L. Ed. 972:

"Courts will not interfere where the only confusion, if any, results from a similarity of the names and not from the manner of the use. The essence of the wrong in unfair competition consists in the sale of the goods of one manufacturer or vendor for those of another, and if the defendant so conducts its business as not to palm off its goods as those of complainant, the action fails."

In the present case, no claim is made that the defendant has, by contract or otherwise, imposed any restraint upon his right to use his own name. So there is no question here as to the right of the defendant to make fair and honest use of his family name in conducting his business. It is clear that there has been no attempt by the defendant, in marketing his soap flakes, to imitate the distinctive carton in which the plaintiff markets his flakes. The name "Ribbons of Pure Soap" is in no way similar to the name "White Wonder" applied by the plaintiff to his product. The defendant has not attempted to stress the name "Hanser." He has done no more than truthfully to notify the buying public that his product, "Ribbons of Pure Soap," is manufactured by Jos. Hanser Soap Company.

It is of course true that there are limits on the right to use one's own name in conducting a business. One must use his

name honestly. He must not use his name for the purpose of misleading the public into the belief that the product made and sold by him is the product made and sold by another. *Royal Baking Powder Co. v. Royal* (6th Cir.), 122 Fed. 337, 58 C. C. A. 499. He must not use his own name as a fraudulent aid to filch his competitor's business or to cover an intended fraud upon the rights of another. *J. F. Rowley Co. v. Rowley* (C. C.), 154 Fed. 744, reversed on other grounds in 3d Cir., 171 Fed. 415, 96 C. C. A. 371. He may not resort to any artifice or contrivance in the use of his name for the purpose of deceiving the public as to the identity of his business or products. *Morton v. Morton,* 148 Cal. 142, 82 Pac. 664. See also numerous cases cited in 47 A. L. R. in the annotation at page 1209 *et seq.*

In *J. I. Case Plow Works v. J. I. Case T. M. Co.* 162 Wis. 185, 155 N. W. 128, an action involving two corporations, both of which used the name of their founder, it was held under the facts and circumstances of that case, which showed that the Plow Works had built up an extensive business and a wide market for its plows, that the plaintiff should be protected in its trade mark "Case Plows" against the unfair competition of the Threshing Machine Company, which had started to manufacture plows, which might easily be confused with the plows manufactured by the Plow Works. The Threshing Machine Company was required to print a legend upon its plows so that the public would not be misled.

There is nothing in the evidence tending to show that the defendant has not used his own name honestly. He has marketed his soap flakes in a paper bag bearing no similarity to the carton used by the plaintiff in marketing his soap flakes. He has adopted a trade name "Ribbons of Pure Soap" which bears no similarity to the plaintiff's trade name "White Wonder Soap Flakes." He has not attempted to stress the name "Hanser" which the plaintiff, by extensive

advertising, had sought to make synonymous with his soap products. The long record in this case is strikingly devoid of any evidence of artifice, sharp practice, or attempts by the defendant to palm off his product on the public as those of the plaintiff. As before stated, the finding of the trial court as to fraud, artifice, or act of the defendant calculated or tending to mislead the public as to the identity of his products, is well supported by the evidence. That finding acquits the defendant of any charge of unfair competition or business practices.

*By the Court.*—Judgment affirmed.